Mrs. Eileen Laverne PERCIVILL, Plaintiff-Appellee,

and

United States Fidelity and Guaranty Company, Intervenor-Appellee,

v.

UNITED STATES of America, Defendant-Third Party Plaintiff-Appellant,

v.

PHOENIX PAINTING COMPANY et al., Third Party Defendants-Appellees.

No. 28799.

United States Court of Appeals, Fifth Circuit.

June 26, 1970.

Morton L. Susman, U. S. Atty., Jack Shepherd, James R. Gough, Asst. U. S. Attys., Houston, Tex., William D. Ruckelshaus, Asst. Atty. Gen., Anthony J. P. Farris, U. S. Atty., Robert V. Zener, Leonard Schaitman, Alan S. Rosenthal, Reed Johnson, Jr., William D. Appler, Attys., U. S. Dept. of Justice, Washington, D. C., for defendant third-party plaintiff-appellant.

William R. Edwards, M. W. Meredith, Jr., Keys, Russell, Watson & Seaman, Corpus Christi, Tex., for Phoenix Painting Co., third party defendant-appellee.

Before TUTTLE, THORNBERRY and INGRAHAM, Circuit Judges.

TUTTLE, Circuit Judge.

The United States appeals from a judgment rendered against it under the Tort Claims Act based on a determination by the trial court that negligence of the United States caused the death by electrocution of a painter engaged in painting the inside of a building at the United States Naval Air Station at Corpus Christi, Texas. The government also appeals from the dismissal of its third party claim against Percivill's employer, Phoenix Painting Company, a partnership and the individual partners. We have carefully read the elaborate findings of fact by the trial court and conclude that there was ample basis for a determination of liability on the part of the United States in the tort action against it.

The third party action was tried at the same time as the tort claim, but it was tried to a jury. The jury was unable to agree and thereupon the trial court declared a mistrial. At the plaintiffs' request, before entering the order for a mistrial, the trial court severed the third party action and then entered an order purporting to be a final judgment in the tort claim action in favor of the plaintiffs and against the United States.

Following the order of severance it came to the notice of the trial court that this court in United States v. Seckinger, 5 Cir., 408 F.2d 146 had held that under such circumstances as existed in this litigation, the United States could not recover over against the employer of the injured party. Thereupon, the trial court entered an order dismissing the third party claim by the United States against Phoenix. The United States then appealed from both judgments, the judgment against it in the tort claim action and the order of dismissal of its third party claim against Phoenix.

Pending the appeal, the United States Supreme Court has reversed the judgment of this court in United States v. Seckinger, 1970, 397 U.S. 203, 90 S.Ct. 880, 25 L.Ed.2d 224. It is thus apparent that the judgment of the trial court dismissing the third party action on behalf of the United States against Phoenix must be reversed.

■ We conclude that since the trial court severed the third party action from the principal claim by the plaintiffs against the United States, this made a final judgment of the court's judgment in the tort claim action, leaving for a separate and distinct trial the claim of the government against Phoenix.

In affirming the tort claim case, we do so with directions that, upon remand of the third party claim, the plaintiffs' judgment against the United States be treated in all respects as a final judgment.

In the event that the trial court finds it necessary to enter a further order of severance in light of the subsequent actions taken by it following its first order upon the declaration of a mistrial, the trial court is directed to make such order as may be necessary to that end. It is the purpose of this order to make the judgment in favor of the plaintiffs below in all respects as final as if no third party complaint had ever been filed in the case.